**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

| | | |
|---|---|---|
| EMILDA YAKOUB KORKIS,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES (USCIS); MARKWAYNE MULLIN, Secretary,[1] U.S. Department of Homeland Security; JOSEPH B. EDLOW, Director, USCIS; KEVIN RIDDLE, Director, USCIS, Chicago Field Office,<br><br>Defendants. | ) | Case No. 25 C 12041<br><br>Hon. Joan H. Lefkow |

## ORDER

For the reasons stated below, defendants' motion to dismiss (dkt. 22) Korkis's amended complaint (dkt. 20) is granted. The amended complaint is dismissed for lack of subject-matter jurisdiction but without prejudice to any state law claim plaintiff may pursue in an appropriate court. Plaintiff's request for leave to file a second amended complaint is denied. Civil case terminated. (*See* Statement.)

## Statement

Emilda Yakoub Korkis is the beneficiary of a Form I-130 Petition for Alien Relative that her husband, Saeed Sarkis Yousef, filed in 2015. United States Citizenship and Immigration Services (USCIS) approved the petition, then revoked the approval on August 15, 2019, after finding that Korkis's earlier marriage to Oliver Severios was a sham. On April 8, 2026, the court dismissed Korkis's challenge to the revocation for lack of jurisdiction. (Dkt. 19.)[2] Revocation under 8 U.S.C. § 1155 is discretionary, and 8 U.S.C. § 1252(a)(2)(B)(ii) bars review of it. (*Id.* at 2.) The court allowed Korkis to replead "facts, if they exist, that would challenge the procedure surrounding the revocation of the I-130 Petition, rather than the substance of the revocation decision." (*Id.* at 3.)

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Markwayne Mullin, the current Secretary of the Department of Homeland Security, is automatically substituted as the defendant in place of former Secretary Kristi Noem. *See* Fed. R. Civ. P. 25(d).

[2] Citations to the docket refer to the document and page numbers assigned by the court's CM/ECF system.

The amended complaint rests on one procedural allegation: USCIS "failed to issue a Notice of Intent to Revoke and instead issued a Notice of Revocation of Petition for Alien Relative." (Dkt. 20 ¶ 2.) Korkis alleges that the USCIS Policy Manual requires a Notice of Intent to Revoke (NOIR) before a revocation on notice and that a revocation without one is invalid. Count One claims that the omission violated the Administrative Procedure Act (APA), 5 U.S.C. § 706(2)(A) and (D), and the Due Process Clause of the Fifth Amendment. Count Two asks the court to postpone the revocation's effect under 5 U.S.C. § 705.

Defendants move to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). They attach a NOIR dated June 7, 2019, that sets out the grounds for revocation and gives Yousef thirty days "to submit evidence in support of the petition and in opposition to the grounds alleged for revocation." (Dkt. 23-1 at 7.) Korkis's response concedes that she and her husband "received the Defendants' Notice of Intent to Revoke ('NOIR') dated June 7, 2019." (Dkt. 25 at 1.) She now contends that her former immigration attorneys never responded to the NOIR and that their failure denied her due process. She asks for leave to file a second amended complaint "raising her legal malpractice and administrative law-related due process claims." (*Id.* at 5.)

Korkis bears the burden of establishing jurisdiction. *See Kokkonen* v. *Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Silha* v. *ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015). When a defendant contests the facts on which jurisdiction rests, the court may look beyond the complaint and consider the evidence submitted. *Sapperstein* v. *Hager*, 188 F.3d 852, 855–56 (7th Cir. 1999). No weighing is needed here because Korkis concedes the fact that defeats her pleading.

**The amended complaint**

The concession disposes of the amended complaint. The Seventh Circuit recognizes a "narrow jurisdictional path for challenging purely procedural rulings" that "don't implicate a petition's merits." *Doe* v. *McAleenan*, 926 F.3d 910, 914–15 (7th Cir. 2019). The amended complaint's only route onto that path was its allegation that USCIS revoked the approval without a NOIR. Korkis does not contend that the NOIR was deficient, that thirty days was too short, or that USCIS disregarded anything submitted in response. She concedes that USCIS issued the NOIR and that she received it. The amended complaint therefore alleges no procedural defect.

What remains is a challenge to the revocation itself. Korkis's response asks the court to find that "USCIS incorrectly entered a marriage fraud finding against her under 8 U.S.C. § 1154(c)." (Dkt. 25 at 2.) That is a challenge to the substance of a § 1155 revocation, and § 1252(a)(2)(B)(ii) bars it. *See Bouarfa* v. *Mayorkas*, 604 U.S. 6, 17–19 (2024); *Bultasa Buddhist Temple of Chicago* v. *Nielsen*, 878 F.3d 574 (7th Cir. 2017). Count Two seeks interim relief pending a review the court cannot conduct, and it falls with Count One.[3]

[3] Because the concession resolves the motion, the court does not reach defendants' alternative arguments that the Policy Manual creates no judicially enforceable rights and that Korkis's new theory rests on unsworn attorney argument. Korkis did not respond to the first argument and, therefore, has waived any response. *See Bonte* v. *U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010).

**Leave to amend**

Korkis's new theory appears nowhere in the amended complaint, and it contradicts that pleading. The amended complaint alleges that no NOIR issued. The new theory depends on a NOIR that counsel left unanswered. A court may, but rarely should, treat new allegations in a brief as a constructive motion to amend. *Schmees* v. *HC1.COM, Inc.*, 77 F.4th 483, 490 (7th Cir. 2023). Even treated as a motion for leave to amend, Korkis's request fails.

Leave to amend is freely given when justice so requires, Fed. R. Civ. P. 15(a)(2), but it may be denied where amendment would be futile. *Foman* v. *Davis*, 371 U.S. 178, 182 (1962); *Johnson* v. *Cypress Hill*, 641 F.3d 867, 871–72 (7th Cir. 2011). Korkis already had one opportunity to replead, and the April 8 order aimed it at a question on which her claims now fail. Neither claim she now proposes could proceed.

A legal-malpractice claim would lie against her former attorneys, who are not parties. *Salcedo* v. *RN Staff Inc.*, No. 21-cv-01161, 2023 WL 2403832 (S.D. Ind. Mar. 8, 2023), on which Korkis relies, was a dispute between an employee and a private employer and did not involve review of agency action. A malpractice claim would not entitle Korkis to relief against USCIS or its officers, and it would not supply jurisdiction to review the revocation.

A due process claim fails under either framing. As a procedural challenge under the APA, it identifies no deficient act by USCIS. USCIS gave notice and an opportunity to respond. The failure Korkis describes belongs to her lawyers, and the APA reaches only agency action. 5 U.S.C. §§ 702, 704. A request to reopen the revocation because counsel did not respond seeks a different result, not a different procedure, and *Doe*'s path does not reach it. *See* 926 F.3d at 914–15.

As a constitutional claim, it fails for want of a protected interest. There is no protected liberty or property interest in a petition that USCIS may revoke at its discretion. *Musunuru* v. *Lynch*, 831 F.3d 880, 891–92 (7th Cir. 2016). *Agyapomaa* v. *Mayorkas*, on which Korkis again relies, is not to the contrary. That court found jurisdiction over a due process claim and then rejected the claim on the merits. 680 F. Supp. 3d 141, 153–58 (D. Conn. 2023). Amendment would therefore be futile.

Because the court lacks subject-matter jurisdiction, the complaint must be dismissed. *Frederiksen* v. *City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004).

Date: October 15, 2026

Joan H. Lefkow
U.S. District Judge